*J. W. Cathcart, City and County Attorney,* for the Territory.

*J. Lightfoot* for defendants.

---

GEORGE SEGELKEN *v.* HAWAIIAN TRUST COMPANY, LIMITED, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF CHARLES W. BOOTH, DECEASED, AND IDA ELIZABETH HALL.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED JULY 13, 1910.　　　　　DECIDED SEPTEMBER 13, 1910.

PERRY AND DE BOLT, JJ., AND CIRCUIT JUDGE COOPER
IN PLACE OF HARTWELL, C.J.

EQUITY—*payment of claim a charge on trust fund—not barred by lapse of time.*

H., owner of an interest in land, subject to dower of L. in the entire land, mortgaged her interest to S. Suit was brought to partition the land, H., L. and S. being made parties. The court, by consent of all the parties, ordered the land sold and decreed that two-thirds of the proceeds be divided among the parties, the share of H. to be applied in part payment of the claim of S. and the remaining one-third to be invested by a trustee, the income to be paid to L. during her life, and at her death the trust fund to be divided in the same manner the two-thirds had been, the share of H. to be charged with the payment of S.'s claim. The decree was entered August 16, 1882. L. died June 17, 1908. This suit was begun April 16, 1910.

Held, that the claim against the trustee was not enforceable until the death of L., and that it is not barred by lapse of time.

OPINION OF THE COURT BY DE BOLT, J.

This is an interlocutory appeal brought by Charles W. Booth, one of the original respondents, from a decree overruling his demurrer to the complainant's bill in equity for an accounting. Since the appeal was taken Mr. Booth deceased. His death having been duly suggested, the Hawaiian Trust Company, Limited, a corporation, as administrator with the will annexed of the estate of Charles W. Booth, deceased, has been duly substituted as a party respondent in this cause in the place and stead of Charles W. Booth, deceased.

The facts alleged in the bill are, in substance, that the respondent, Mrs. Ida Elizabeth Hall, being the owner of a one-eighth interest in certain land, subject to the dower right of Mrs. Anne Long in the entire land, mortgaged her interest to the complainant, Segelken, to secure the payment of the sum of $4000; that thereafter a partition suit was brought by other parties also interested in the land to which suit Mrs. Hall, Mrs. Long and Segelken were made parties; that by consent of all the parties to the suit an order was entered directing that the land be sold and the proceeds divided among the parties according to their respective interests; that pursuant to this order the land was sold and the proceeds returned into court for division; that thereafter (August 16, 1882), also by consent of all the parties, a decree was entered directing that two-thirds of the proceeds of the sale of the land be divided among the persons therein named, Mrs. Hall being one of those, but that her share, $3660.42, be applied as follows: $533.35 in payment of a certain claim and the balance, $3107.70, in part payment of the Segelken mortgage, which, with interest, amounted to the sum of $4248.90; that upon the payment of this sum of $3107.70 Segelken, in accordance with the terms of the decree, executed a release of his mortgage to the purchasers of the land; that the remaining one-third of the proceeds of the sale, $14,700, was decreed to be

invested by a trustee and the income thereof to be paid to Mrs. Long as dower during her life, and upon her death to be divided in the same manner as the two-thirds had been, the share of Mrs. Hall, however, to be charged with the payment to Segelken of the sum of $1141.83, with interest, being the balance due him on the mortgage debt; that the respondent Booth having been duly appointed trustee, Mrs. Hall's share in the trust fund came regularly into his hands; that Mrs. Long died June 17, 1908, at which time there was due the complainant from Mrs. Hall the said sum of $1141.83, with interest, which was a charge upon Mrs. Hall's share in the trust fund in the hands of the respondent Booth; that the respondent, Mrs. Hall, claims some interest in the trust fund, but that her claim is subject to complainant's claim. No relief, however, is sought as against her.

The bill prays for an accounting and for general relief.

The ground of the demurrer is, that the complainant's claim is barred by lapse of time, the contention being, first, that the claim having been made a charge upon Mrs. Hall's share in the trust fund, the law of mortgages on real estate applies, and that Segelken's remedy was by a suit in equity to foreclose against this share and having failed to thus proceed within the statutory time, i. e., within ten years from the entry of the decree, his claim is barred.

The respondent next contends that in any event the decree, under the provisions of section 1975 of the Revised Laws, must be presumed to have been satisfied, as more than twenty years have elapsed since it was entered.

Even though, upon the facts as disclosed by the bill and the decree, the complainant's claim could correctly be regarded as a mortgage, still, by the plain language of the decree, which alone declares and fixes the rights and obligations of the respective parties, the claim against the trustee was not enforceable during the life of Mrs. Long, but only after her

death. The decree thus declares, after providing for the payment to one Wahinealoha a certain part of the trust fund of $14,700 on the death of Mrs. Long, that Mrs. Hall and seven others "are entitled to the residue of the said sum in equal shares and proportions, being one-eighth each, payable on the death of the said Anne Long, subject, however, as respects the share of" Mrs. Hall, to the charge of the complainant's claim.

The mortgage was released. The duties of the trustee and the rights of the complainant, as between themselves, were, as we observe, fixed and determined by the decree. The payment of the claim out of the trust fund was made to depend upon the right of the complainant to make demand therefor and upon the duty of the trustee to comply with such demand. This right on the part of the complainant as well as the duty on the part of the trustee were brought into existence only by the happening of the event expressly provided for by the decree, namely, the death of Mrs. Long.

Nor, as we view the questions before us, can the decree be considered as one of those contemplated by, or, in any sense whatsoever, as coming within the provisions of Sec. 1975, R. L. The complainant is not proceeding upon the decree in the sense of seeking to have it satisfied. He is proceeding against the trustee seeking to have him required by order of court to perform his duties in the premises as prescribed by the decree. However, be that as it may, complainant's claim, so far as the trustee is concerned, was not enforceable at the time the decree was entered, nor at any time thereafter prior to the death of Mrs. Long. His right to demand payment and the corresponding duty of the trustee to comply therewith did not accrue until the death of Mrs. Long on June 17, 1908, the happening of which event, as provided for in the decree itself, was a condition precedent to his right to maintain any suit on the claim. Neither had the trustee any right or authority to pay the complainant's claim before it accrued, i. e., before

the death of Mrs. Long. The widow also had the right to insist on the payment of the income on the entire sum of $14,-700, and in the manner and by the trustee provided for in the decree. Hence, it is clear that the claim, from whatever point we may view it, is not barred by lapse of time.

Applying the doctrine that equity 'follows the law, the facts alleged bring the case clearly within the rule, that "when the payment of a claim or the liability of a party is made dependent upon the performance of any condition precedent or the happening of any contingency, a right of action does not accrue, or the statute begin to run, until the performance of such condition or the happening of such contingency." (Wood on Lim., 226, 363.)

Hence, we conclude that the complainant's claim against the trustee is not barred by lapse of time, and that the decree of the circuit judge overruling the demurrer was correct.

The decree therefore is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief) for complainant.

*P. L. Weaver* (*Magoon & Weaver* on the brief) for respondent Hawaiian Trust Co., Ltd.